

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. R. J. Long:

Opinion No. O-5908
Re: Whether a non-profit
educational, charitable,
religious, benevolent
foreign corporation,
or any non-profit foreign
corporation is required
to secure a permit to do
business in the State of
Texas, and related matters.

Your letter of May 1, 1944, requesting the opinion of this department on the questions stated therein is as follows:

"This department has had several requests from foreign non-profit corporations for this office to issue a permit to such corporations. In the past this department has granted some of such permits and some administrations of this department have held that such corporations are not required to secure a permit to do business in Texas. Therefore, will you please advise this department on the following questions:

"1. Is a non-profit educational, charitable, religious, benevolent foreign corporation, or any non-profit foreign corporation, required to secure a permit to do business in this State?

"2. If such corporations are required to secure a permit, what filing fee should this department request?

Honorable Sidney Latham, page 2

"3. If such corporations are required to secure a permit, should this department collect a franchise tax for their operations in this State?

"4. If such corporations are not required to secure a permit from this office, are such corporations authorized to do business in this State without a permit?"

Article 1529, Vernon's Annotated Civil Statutes, provides:

"Any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or any municipality of such State or territory, or of any foreign government, sovereignty of municipality, desiring to transact or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to said corporation a permit to transact business in this State for a period of ten years from the date of so filing said articles of incorporation. If such corporation is created for more than one purpose, the permit may be limited to one or more purposes."

It is stated in Hildebrand's "Texas Corporations," Volume 4, page 13:

"According to Vernon's Annotated Civil Statutes Article 1529 only foreign corporations for pecuniary profit that transact or solicit business in Texas are required to take out a permit. A foreign corporation for benevolent, religious, philanthropic purposes where the charters provide that all of its revenues except reasonable expenses will be devoted to one or more such purposes is not organized for pecuniary profit. Such a corporation does not come within the provision of the Texas statute, and, therefore, could recover on a claim due it without proving that it obtained a permit. A

corporation organized for the above purpose has au-
thority to buy land reasonably necessary to further
its charter powers;"

In the case of <u>City of San Antonio, et al v. Salvation
Army</u>, 127 S. W. 860, in construing Articles 745 and 746, Revised
Statutes, 1895, which contained practically the same language as
Articles 1529 and 1536, Vernon's Annotated Civil Statutes, it was
said:

"* * * The corporation not being organized
or operated for pecuniary profit, but by the terms
of its incorporation strictly prohibited from being
conducted for pecuniary profit, Articles 745 and 746
have no application to it, and it was not required
to obtain a permit to operate and conduct its af-
fairs in Texas as a condition precedent to its
maintaining this action."

After carefully considering Article 1529, supra, it is
apparent that such statute applies only to foreign corporations
created for pecuniary profit and does not apply to any non-profit
foreign corporations which are not incorporated for pecuniary pro-
fit.

In view of the foregoing authorities, we respectfully
answer your first question as stated above in the negative.

As we have answered your first question in the negative,
it necessarily follows that your second and third questions require
no answer.

In view of what has heretofore been said, your fourth
question is respectfully answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

AW:EP

APPROVED MAY 5, 1944

ATTORNEY GENERAL OF TEXAS